## ELIHU CUTLER *versus* THE MIDDLESEX FACTORY COMPANY.

Under *St.* 1808, *c.* 65, regulating manufacturing corporations, no action can be maintained by a manufacturing corporation, either against a stockholder or against his executor, to enforce the payment of assessments laid on his shares ; and consequently such corporation cannot set off a claim for unpaid assessments, in an action against it by the executor of the stockholder, for a debt due to the stockholder.

ASSUMPSIT upon a promissory note, dated June 27, 1826, for the sum of $1181·76 made by the defendants, and payable to Aaron Eames, the plaintiff's testator. The declaration contained also the money counts.

The defendants filed an account in set-off, in which they claimed to set-off the assessments, amounting to the sum of $271, due on two shares in the corporation, alleged to have been owned by the testator.

At the trial, before *Putnam* J., the plaintiff offered evidence to prove that the shares had been transferred by the testator by deed, before the assessment was laid. The defendants contended that the transfer was not sufficient, because

Cutler
v.
Middlesex
Factory Co.

the deed had not been recorded in a book kept by the clerk of the corporation for that purpose.

The defendants were incorporated by *St.* 1811, *c.* 66. The name of the corporation was changed by *St.* 1819, *c.* 97.

The defendant was defaulted. Judgment was to be entered as the Court should determine upon the facts.

*Oct. 16th.*     *Hoar* for the defendants.

*Keyes* for the plaintiff.

*Oct. 17th.*     SHAW C. J. delivered the opinion of the Court. The question arises upon an account filed in set-off, in which the defendants claim to set-off assessments due on certain shares, alleged to have been owned and held by the testator in his lifetime. The executor contends, that the testator had duly transferred these shares, and was not the proprietor of them when the assessment was laid. The case has been argued mainly upon the question whether the assignment was valid to transfer these shares; but we think it involves the more general question, whether supposing the transfer not valid, the estate of the testator in the hands of the executor is liable for assessments. A set-off is substantially a cross action. The inquiry then is, whether if the defendants were plaintiffs, they could maintain an action against the executor to recover the assessments; and the Court are all of opinion, that they could not. The only compulsory mode, which a manufacturing corporation has, to enforce the payment of assessments, is by sale of the share. By law, the assessment is a *lien* on the share. The executor has an option to redeem the share for the benefit of the estate, by payment of the assessment, as he would have to redeem any other pledged property; and this option he will exercise according to his views of the interest of the estate. This corporation was established by *St.* 1811, *c.* 66. The name was changed by *St.* 1819, *c.* 97, but its character and responsibility were not thereby changed. The liability of this corporation depends upon the *St.* 1808, *c.* 65, the original act regulating manufacturing corporations, to the provisions of which express reference is made in the original act of incorporation. By virtue of this act, the remedy to enforce the payment of assessments, was by sale of the share; no action would lie, either against the proprietor himself or his

executor , and, of course, the claim of the defendants to set-off   Cutler
these assessments, cannot be maintained.   See *Ripley* v.   *v.*
*Sampson*, 10 Pick. 372.                       Middlesex
                                      *Judgment for the plaintiff.*   Factory Co.